IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THOMAS S. RODRIGUES,<br><br>    Plaintiff,<br><br>v.<br><br>GATESTONE & CO. INTERNATIONAL, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:21-cv-00663<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes THOMAS S. RODRIGUES ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of GATESTONE & CO. INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the District of New Mexico and a significant portion of the events or omissions giving rise to the claims occurred within the District of New Mexico.

1

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in Deming, New Mexico which lies within the District of New Mexico.

5. Defendant is a third party debt collector that routinely attempts to collect debts from consumers across the country, including the state of New Mexico. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 1000 North West Street, Suite 1200, Wilmington, Delaware.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustee, sureties, subrogees, representatives and insurers at all times relevant to this instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. This actions stems from Defendant's attempts to collect upon a purportedly defaulted consumer obligation ("subject debt") said to be owed by Plaintiff.

8. The subject debt purportedly stems from Plaintiff's defaulted payments in connection with an American Express ("AmEx") credit card Plaintiff used for his personal purposes.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, AmEx charged off the subject debt and subsequently turned the subject debt over to Defendant for collection purposes.

10. On or about June 8, 2021, Defendant sent or caused to be sent to Plaintiff a collection letter via email attempting to collect upon the subject debt.

11. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

12. The collection letter represents that the "Balance" in connection with the subject debt totaled $1,143.41.

13. The collection letter further states, "We are writing to inform you that we may have an attractive payment plan available to help you resolve the outstanding balance on your American Express account. Please note the payment plan offer is time sensitive . . . ."

14. No further information regarding the payment plan was provided.

15. Plaintiff became anxious and concerned as a result of Defendant's statements regarding a purportedly available payment plan, both because he was generally unsure as to its parameters, and further because Plaintiff's financial situation was strained and so, while wanting to take advantage of Defendant's time sensitive offer, his finances made doing so a difficult decision.

16. Plaintiff then languished considering how to respond to Defendant's settlement offer.

17. As a result of Defendant's collection letter, Plaintiff was led to believe the offer Defendant was making was time-sensitive, and failure to promptly respond to Defendant's collection letter would result in such offer being available down the line.

18. However, upon information and belief, Defendant would have re-made the offer(s) referenced in its collection letter down the line, or even provided better offers; however, Defendant's collection letter was deceptively designed to suggest the take-it-or-leave-it nature of the settlement offer in order to deceive and pressure consumers into promptly addressing the obligations upon which Defendant attempts to collect.

19. As a result of Defendant's conduct Plaintiff was compelled to consider whether he had to use funds, which otherwise would have been necessary to pay his day-to-day expenses, in order to address the subject debt in a prompt manner, causing Plaintiff undue stress and anxiety stemming from Defendant's false and deceptive representations.

20. Plaintiff was similarly put at risk of acting in response to Defendant's deceptive and misleading conduct.

21. Courts have fashioned safe harbor language which shield debt collectors from liability when making purportedly time-sensitive offers, however, Defendant's collection letter fails to include such language.

22. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with the undersigned regarding his rights, resulting in lost time.

23. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprive the ability to intelligently address the subject debt given Defendant's violations of law, undue stress and anxiety due to Defendant's false representations as to the time-sensitive nature of the offers provided, and a violation of his federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collectors, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is further a business whose principal purpose is the collection of debts..

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it is alleged to have arisen out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offer referenced in its collection letter. As discussed above, Defendant's collection letter explicitly noted that the offer contained therein was time-sensitive. However, upon information and belief, Defendant's representation as to the time-sensitive nature of the offer was false, deceptive, and misleading, and Defendant would have made such offer, or even more favorable offers, at any point in the collection cycle. Defendant could have provided "safe harbor" language to make its time-sensitive offer more clear; however, Defendant chose not to use such language in a deceptive and misleading effort to compel Plaintiff's prompt payment on the subject debt, notwithstanding the false, deceptive, and misleading nature of the representations compelling such action.

WHEREFORE, Plaintiff, THOMAS S. RODRIGUES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 20, 2021                                Respectfully submitted,

s/Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the District of New Mexico
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Ste. 200
Lombard, IL 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com